2015 UT App 174

## THE UTAH COURT OF APPEALS

ROBERT MARCROFT,
Petitioner,

*v.*

LABOR COMMISSION, UNINSURED EMPLOYERS' FUND, AND ALWAYS
ROLLING TRUCKING, LLC,
Respondents.

Memorandum Decision
No. 20140241-CA
Filed July 16, 2015

Original Proceeding in this Court

Daniel L. Wilson and Scott Nance, Attorneys
for Petitioner

Sean D. Reyes and Brent A. Burnett, Attorneys for
Respondent Uninsured Employers' Fund

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES J. FREDERIC VOROS JR. and STEPHEN L. ROTH
concurred.

ORME, Judge:

¶1 Robert Marcroft challenges the order of the Utah Labor Commission Appeals Board, which modified an Administrative Law Judge's decision. Because Marcroft did not preserve his challenge, as he candidly concedes in his reply brief, we uphold the Board's order without reaching the merits of Marcroft's claim.

¶2 In 2012, Marcroft was injured on the job when he was hit by a car. He sought and received worker's compensation benefits. Before the Administrative Law Judge entered her decision, Marcroft and Respondents entered into a stipulation that payments from the at-fault driver's $15,000 auto insurance

policy would "be set off as deductions against any potential worker['s] compensation benefits awarded in the adjudicative hearing." After the Administrative Law Judge entered her decision, Respondents appealed to the Board. The Board generally affirmed the decision but modified it to explicitly allow Respondents to "subtract the amount [Marcroft] recovered from a third party for his injury . . . from the amount of worker['s] compensation benefits owed to him for the work accident." The Board's order indicates that this amount was "stipulated to be $19,000," when in fact the amount was $15,000.

¶3 Marcroft now seeks our review of the Board's order. He claims only one error, namely that "the specific amount available for subrogation in this case should be $15,000 less costs and attorney fees, rather than $19,000." Respondents do not address this argument but assert in their brief that "[b]ecause Marcroft has failed to preserve the issues he seeks to raise on appeal," the Board's order should be upheld. In his reply brief, Marcroft "concedes that the issue under appeal was not properly preserved" but asks us "to consider applying the 'clear error' exception to the general rule regarding preservation of an issue under appeal."

¶4 It is tempting to ignore precedent and fix the Board's mistake. And nothing in this decision should be taken as foreclosing Respondents from doing the right thing. But we have consistently "refused to consider arguments of plain error raised for the first time in an appellant's reply brief, even if the plain error argument is in response to a dispute over preservation raised for the first time in the appellee's brief."[1] *Boyle v.*

---

1. This is not as unfair as it may sound. After all, the appellant bears the burden of establishing in its opening brief where each issue was preserved for appeal and, if an issue was not preserved, why it should be considered anyway, such as because

(continued…)

*Christensen*, 2009 UT App 241, ¶ 13, 219 P.3d 58, *aff'd in part, rev'd in part*, 2011 UT 20, ¶ 1, 251 P.3d 810. Because Marcroft's first invocation of the plain error exception to our preservation requirement appears in his reply brief, we will not consider it. *See, e.g., Schefski ex rel. Coleman v. Stevens*, 2000 UT 98, ¶ 9, 17 P.3d 1122; *State v. Wells*, 2014 UT App 13, ¶ 5, 318 P.3d 1251; *State v. Mitchell*, 2013 UT App 289, ¶¶ 27–28, 318 P.3d 238; *Davis v. Davis*, 2011 UT App 311, ¶ 14, 263 P.3d 520. We therefore decline to disturb the Board's order.

_____

(…continued)
the plain error doctrine applies. Utah R. App. P. 24(a)(5)(A), (B) ("The brief of the appellant shall contain . . . citation to the record showing that the issue was preserved in the trial court; or . . . a statement of grounds for seeking review of an issue not preserved in the trial court."). An appellant proceeds at his peril if preservation or plain error is not dealt with in his opening brief. The same is true for a petitioner seeking judicial review of an administrative decision, as in this case. *See id.* R. 18 ("As used in any applicable rule, the term 'appellant' includes a petitioner in proceedings to review the orders of an agency, commission, or board.").